**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| PACIFIC BIOSCIENCE LABORATORIES, INC. a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NUTRA LUXE MD, LLC a Florida Limited Liability Company,<br><br>Defendant. | **COMPLAINT FOR FALSE ADVERTISING AND TRADE DRESS INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff Pacific Bioscience Laboratories, Inc. ("PBL"), through its attorneys Faegre & Benson LLP, submits this Complaint for false advertising and trade dress infringement, and for its complaint against Defendant Nutra Luxe MD, LLC ("Nutra Luxe"), states as follows:

**INTRODUCTION**

1. PBL created a market for technically advanced skin cleansing products with its patented Clarisonic skin cleansing system ("the Clarisonic System"), which PBL launched in 2004. After seeing PBL's success with the Clarisonic System, Defendant Nutra Luxe introduced its knock-off Nutra Sonic product ("Nutra Sonic") in late 2009. This case is about Nutra Luxe's recent attempts to deceive the public into thinking that its Nutra Sonic is a superior product to the Clarisonic System through literally false comparative advertising. Through its current pervasive advertising campaign in print, national television, and internet ads and websites, Nutra Sonic falsely claims that Nutra Sonic: (a) is "better" than

the Clarisonic System because it is "clinically tested and shown to be the most effective skin cleansing product on the market;" (b) "Nutra Sonic oscillates up to 400 times/second, 33% greater than [the Clarisonic system]"; (c) has "70% more brush surface than [the Clarisonic System brush head] for better and more effective skin cleansing"; (d) because of its alleged (but untrue) performance advantages is a better product for less money and (e) is the "#1 dermatologist recommended" brand. Nutra Luxe is also attempting to confuse consumers and unfairly take away PBL's market share by copying the trade dress of the Clarisonic System, which the relevant public identifies with a single source.

## PARTIES

2. Plaintiff Pacific Bioscience Laboratories, Inc., is a Washington corporation having its principal place of business at 13222 SE 30th Street #A1, Bellevue, WA 98005.

3. PBL is in the business of developing and marketing technically advanced skin care products, including the Clarisonic System.

4. On information and belief, Nutra Luxe is a Florida Corporation with its principal place of business at 6835 International Center Blvd., Suite 5, Ft. Meyers, Florida 33912.

5. On information and belief, Nutra Luxe is in the business of manufacturing and selling skin care products and power assisted personal care facial devices. On information and belief, Nutra Luxe markets, advertises and distributes its products internationally, including in the United States, through its own website, the Home Shopping Network, as well as through various retail companies, retail stores and third-party websites. On information and belief, Nutra Luxe does business in the Western District of Washington, and has offered to sell and has sold its products in this district.

## JURISDICTION AND VENUE

6. This case arises under the Lanham Act, 15 U.S.C. §§ 1051, et seq. Supplemental jurisdiction exists over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

8.      On information and belief, Nutra Luxe purposefully directs its activities toward this forum. Nutra Luxe markets, advertises, offers to sell, sells and distributes its products throughout the United States, including the Western District of Washington.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

### THE CLARISONIC SKIN CLEANSING SYSTEM

10.     Plaintiff PBL invented devices and methods for treatment of early stage acne and for the effective cleansing of skin. These devices and methods employ motion and forces at sonic frequencies to cleanse, soften and smooth skin. The cleansing is gentle, yet more effective than manual cleansing. It alleviates clogged pores and removes debris from the skin more gently and effectively than other alternatives.

11.     PBL invested heavily in the development of its sonic facial brush technology, engaging in extensive laboratory and clinical testing and design-optimization efforts from 2001 through 2004.

12.     PBL's efforts culminated in the creation of the Clarisonic System, which was launched in 2004. The product line includes the original Clarisonic device, now called the Clarisonic Classic; an enhanced 3 speed model called the Clarisonic Plus; a smaller model for travel use called the Clarisonic Mia; and a 4 speed professional model, the Clarisonic Pro, distributed exclusively by skin care professionals. A true and accurate depiction of the product line is displayed below:

    

The Clarisonic Classic                                          The Clarisonic Plus

      

The Clarisonic Mia                    The Clarisonic Pro

13. Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market. Indeed, before development of the Clarisonic System, there existed no market for sonic skin care devices. Accordingly, PBL invested millions of dollars to create the sonic skin care market. For example, PBL expended significant resources both to educate the public regarding facial cleansing and to market sonic facial cleansing devices.

14. PBL devoted significant resources to obtaining high quality materials, developing innovative technology, testing its products thoroughly, and creating a superior customer service experience in order to develop the sonic skin cleansing market.

15. Clarisonic System products are widely available nationwide at prestige retailers including Sephora, Nordstrom, Saks Fifth Avenue, Ulta, Beauty.com and SkinStore.com, as well as through dermatologists, cosmetic surgeons and spas. Clarisonic System products are also advertised and sold on the QVC television network.

16. The Clarisonic System has been an enormous success. It has been recognized as one of Oprah's Favorite Things in 2007 on the Oprah Winfrey Show, Best of Sephora in 2007 and 2008, and as QVC Customer Choice in 2008, 2009 and 2010. In addition, PBL was named on Inc 500's Fastest Growing Private Companies List in 2010.

### NUTRA LUXE'S NUTRA SONIC PRODUCTS

17. In late 2009, Nutra Luxe launched a device similar in name, function, and appearance, to the Clarisonic System—the Nutra Sonic Face and Body Brush System ("Nutra Sonic").

18. Similar to the Clarisonic System line of products, Nutra Luxe also has a four speed standard size product called the Essential or Professional, a two speed product called the Bella and a smaller, travel-friendly brush that it calls the Travel Companion. The Nutra Sonic product line is displayed below:



"Nutra Sonic Essential/Professional Face Brush Cleansing System"



"Nutra Sonic Bella Face Brush Cleansing System"



"Nutra Sonic Travel Companion"

**COMPLAINT**        5        **FAEGRE & BENSON**
**3200 Wells Fargo Center**
**1700 Lincoln Street**
**Denver, CO 80203-4532**
**(303) 607-3500**

**NUTRA LUXE'S FALSE ADVERTISING**

19.     Since its launch, Nutra Luxe has focused its advertising primarily on the message that Nutra Sonic is a lower cost alternative to the Clarisonic System with similar performance benefits.

20.     More recently, Nutra Luxe launched a more aggressive comparative advertising campaign, claiming performance superiority to the Clarisonic System in a number of significant respects.

21.     For example, in a letter to skin care professionals ("the Nutra Luxe Letter to Doctors"), Nutra Luxe states that Nutra Sonic is a "BETTER PRODUCT" than the Clarisonic System (the "Better Product Claim") based on several alleged performance benefits including: (1) "Nutra Sonic is clinically tested and shown to be the most effective skin cleansing product on the market;" (the "Comparative Clinical Claim") (2) "Where Clarisonic has only an oscillating mode, which goes from low to high at a rate of 300 times/second, Nutra Sonic oscillates up to 400 times/second, 33% greater than competition;" (the "Faster Oscillation Claim") and (3) Nutra Sonic has a "70% larger [] oscillating head [which] allows for faster and deeper cleansing." (the "Larger Brush Head Claim").  A true and accurate copy of the Nutra Luxe Letter to Doctors is attached as **Exhibit A.**

22.     On information and belief, Nutra Luxe has distributed the Nutra Luxe Letter to Doctors nationwide through both regular mail and electronic mail.

23.     The Better Product Claim, Comparative Clinical Claim, Faster Oscillation Claim and Larger Brush Head Claim appear in substantially similar form in other Nutra Luxe advertising, including Nutra Luxe websites, consumer brochures and/or online videos.  A copy of the current Nutra Sonic product page for its Nutra Sonic Professional model on its www.nutraluxemdonline.com website is attached as **Exhibit B**.  Copies of two consumer brochures for Nutra Sonic are attached as **Exhibit C**. NutraLuxe also posts online video commercials on its YouTube web page at http://www.youtube.com/user/nutraluxemd.

24.     At least some of the claims referenced in paragraph 21 also appear in national paid television advertisements for Nutra Sonic on the Home Shopping Network ("HSN").  For example, the advertisements for Nutra Sonic that appear on HSN frequently tout both the larger oscillating surface of

Nutra Sonic compared to the Clarisonic System and the alleged higher frequency of Nutra Sonic compared to the Clarisonic System as performance advantages for Nutra Sonic.

25.     The Clinical Superiority Claim is literally false.  On information and belief, Nutra Luxe has no reliable clinical study directly comparing the Nutra Sonic to the Clarisonic System that demonstrates that Nutra Sonic is more effective for skin cleansing than the Clarisonic System.

26.     The Faster Oscillation Claim is literally false.  Nutra Sonic does not oscillate at 400 times per second.  In addition, Nutra Sonic does not oscillate 33% faster than the Clarisonic System.  In fact, Nutra Sonic oscillates at a substantially lower frequency than the Clarisonic System.

27.     The Larger Brush Head Claim is literally false.  The Nutra Sonic brush surface is not 70% larger than the oscillating portion of the Clarisonic System brush head.  The Larger Brush Head Claim is also literally false because the larger size of the oscillating portion of the Nutra Sonic brush head does not provide better or more effective cleansing performance than the Clarisonic System.  Finally, in some cases, Nutra Sonic does not adequately qualify the Larger Brush Head Claim to refer only to the oscillating portion of the two brush surfaces (e.g. Exhibit C).  In this unqualified form, the Larger Brush Head Claim is also literally false because the Clarisonic System and Nutra Sonic brush heads are approximately the same size.

28.     The Better Product Claim is literally false because it is based on the Clinical Superiority Claim, Faster Oscillation Claim and/or the Larger Brush Head Claim, all of which are literally false.

29.     Nutra Sonic also claims that it is "#1 Dermatologist Recommended" (the "#1 Dermatologist Recommended Claim").  This claim appears, for example, on the home page of its www.trynutrasonic.com website, a copy of which is attached as **Exhibit D**.

30.     The #1 Dermatologist Recommended Claim is literally false.  Nutra Sonic is not the #1 dermatologist recommended sonic cleansing system and, on information and belief, Nutra Luxe does not possess any reliable substantiation for this claim.

31.     The impact of Nutra Luxe's various false advertising claims is exacerbated by its misleading use of the professional endorsement of Dr. A. Hawrych, MD.  Nutra Luxe touts Dr.

Hawrych's recommendation without disclosing his material connection to Nutra Luxe (Dr. Hawrych is the alleged inventor of the Nutra Sonic), as shown here:

> **NUTRA SONIC®** is the perfect product for my practice …. I have my patients use it before all of my procedures and treatments and have them use it on a regular basis to keep skin clean and healthy.
>
> I can recommend **NUTRA SONIC®** to everybody who wants to have softer, smoother and more radiant skin.
>
> A. Hawrych, MD
> Board Certified Facial Plastic Surgeon

**Exhibit C**. Failing to disclose this material connection between Mr. Hawrych and the product is a violation of the Federal Trade Commission's endorsement guidelines, as outlined in 16 CFR § 255.5.

32. Nutra Luxe's false comparative advertising is causing irreparable harm to PBL. These widely-disseminated false comparisons necessarily diminish the value of the Clarisonic System in the mind of the consumer, for which PBL has no adequate legal remedy.

### THE CLARISONIC SYSTEM TRADE DRESS AND NUTRA LUXE'S INFRINGEMENT

33. The Clarisonic System possesses a combination of elements that together serve to identify to relevant consumers that the Clarisonic System comes from a single source. This combination of elements, the "Clarisonic System Trade Dress," consists of the following:

    a. The overall hourglass shape of the Clarisonic System;

    b. The shape of the head unit of the Clarisonic System;

    c. Identical molded arcs on each side of the head unit;

    d. An oblong shaped soft grip pad on the front of the product;

    e. One or more control buttons located within the perimeter of the soft grip pad;

    f. A contrasting gray color for the soft grip pad;

    g. The product name printed horizontally across the back of the head of the unit; and

    h. A contrasting colored ring of bristles located inside of the outer two rows of bristles of the brush head.

34. The Clarisonic System Trade Dress is non-functional and serves to distinguish PBL's Clarisonic System from competitive products. The Clarisonic System Trade Dress is ornamental and has

no utilitarian advantage. Furthermore, the myriad different brush styles and handles in existence today and throughout the past show the unique nature of the Clarisonic System Trade Dress and how other styles are available to competing skin cleansing brush manufacturers.

35. PBL intentionally created its Clarisonic System Trade Dress to distinguish its Clarisonic System from any other skin cleansing brush that would emerge on the market and to communicate to consumers that the Clarisonic System came from a single source. On information and belief, no other manufacturer had used the Clarisonic System Trade Dress for a skin care brush prior to its introduction into and success in the market by PBL.

36. PBL sells its Clarisonic System through a wide range of distribution channels. PBL's advertising and marketing efforts focus on the visual image of its skin cleansing products which exemplifies the Clarisonic System Trade Dress, as depicted in the following sample advertising images:



37. Because of the inherent distinctiveness of the Clarisonic System Trade Dress, as well as the extensive sales, advertising and promotion making use of the Clarisonic System Trade Dress, the Clarisonic System Trade Dress has secondary meaning, namely that it has become known among relevant consumers throughout the United States as designating products from a single source.

38. The Nutra Sonic line of products is likely to cause confusion as to source because of its incorporation of and substantial similarity to the Clarisonic System Trade Dress.

39. Defendant's intentional imitation of the Clarisonic System Trade Dress in order to trade on PBL's goodwill and success, as well as the resulting high volume of infringing sales, demonstrates that the Clarisonic System Trade Dress has acquired secondary meaning.

## CLAIM I

## FALSE ADVERTISING – 15 U.S.C. § 1125 (a)(1)(B)

40. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

41. Defendant, a skin cleansing brush company in direct competition with PBL, has used and continues to use in advertising and commerce false and misleading descriptions of fact, or false or misleading representations of fact, concerning its products, including the Better Product Claim, Comparative Clinical Claim, Faster Oscillation Claim, Larger Brush Head Claim and #1 Recommended Dermatologist Claim and substantially similar forms of these respective claims.

42. Defendant has misrepresented and continues to misrepresent the nature, characteristics, and qualities of its goods.

43. Defendant's wrongful acts are likely to deceive and have deceived a substantial number of consumers.

44. Defendant's wrongful acts are material, in that they are likely to influence the decisions of consumers and, on information and belief, have influenced the decisions of many purchasers of its products.

45. Defendant's wrongful acts were made in interstate commerce through its website and nationwide print media and paid television advertising.

46. Defendant's actions have been and are deliberate and willful.

47. Nutra Luxe's false advertising has caused and will continue to cause PBL substantial and irreparable injury, for which Pacific Bioscience Laboratories is entitled to all of the relief provided by 15 U.S.C. §§ 1116 and 1117, including but not limited to injunctive relief, compensatory damages and Nutra Luxe's profits.

48. Defendant's intentional and willful violations entitle PBL to recover three times its actual damages, pursuant to 15 U.S.C. § 1117(a).

49. This is an exceptional case under 15 U.S.C. § 1117(a), thus entitling PBL to an award of reasonable attorney's fees.

50. Plaintiff has no adequate remedy at law for Defendant's continuing violations of its rights.

## CLAIM II

### TRADE DRESS INFRINGEMENT – 15 U.S.C. § 1125(a)(1)(A)

51. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

52. PBL owns and is the senior user of the Clarisonic System Trade Dress for its facial cleansing brush, which is entitled to protection under 15 U.S.C. § 1125(a).

53. PBL owns common law trademark rights in the Clarisonic System Trade Dress. These rights are superior to any rights that Defendant may claim with respect to its infringing products. The Clarisonic System Trade Dress is nonfunctional and has acquired secondary meaning among the relevant public in that it identifies products emanating from a single source.

54. Defendant is promoting, offering for sale, and selling products that intentionally copy and imitate the Clarisonic System Trade Dress.

55. Defendant's sale and advertising of Nutra Sonic is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with PBL, or as to the origin, sponsorship, or approval of Nutra Sonic product PBL in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendant copied the Clarisonic System Trade Dress with the intent to trade on the goodwill developed by PBL in the Clarisonic System Trade Dress. Defendant's intentional copying is evidenced by the high degree of similarity between Nutra Sonic and the Clarisonic System Trade Dress.

57. Defendant has willfully taken these actions with the intent to confuse or deceive consumers and unfairly profit from the goodwill PBL has developed in the Clarisonic System Trade Dress.

58. Defendant's intentional and willful actions have infringed PBL's common law trademark rights in the Clarisonic System Trade Dress in violation of 15 U.S.C. § 1125(a).

59. As a result of Defendant's actions, Defendant has been and will continue to be unjustly enriched by profits made through the sale of its infringing products.

60. Nutra Luxe's infringement of the Clarisonic System Trade Dress has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief provided by 15 U.S.C. §§ 1116 and 1117, including but not limited to injunctive relief, compensatory damages and Nutra Luxe's profits.

61. Defendant's intentional and willful violations entitle PBL to recover three times its actual damages, pursuant to 15 U.S.C. § 1117(a).

62. This is an exceptional case under 15 U.S.C. § 1117(a), thus entitling PBL to an award of reasonable attorney's fees.

63. PBL has no adequate remedy at law for Defendant's continued infringement.

## CLAIM III

### VIOLATION OF WASHINGTON STATE CONSUMER PROTECTION ACT – RCW § 19.86.020

64. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

65. The state of Washington has an important interest in ensuring that domestic corporations doing business with Washington residents fully comply with Washington laws.

66. Defendant's advertising complained of herein is an unfair act or practice that has the capacity to and does in fact deceive consumers into believing that Defendant's products are superior to PBL's products, when this is not the case.

67. Defendant's unauthorized use of the Clarisonic System Trade Dress is an unfair act or practice that has the capacity to and does in fact deceive consumers into believing that Defendant is affiliated, connected or associated with PBL, or that the Nutra Sonic product comes from or is sponsored or approved by PBL.

68. Defendant's conduct occurred in the conduct of trade or commerce or the sale of products in the state of Washington.

69. Defendant's unfair and deceptive acts and practices implicate the public interest because of the widespread deception they are causing on the consuming public.

70. All the conduct alleged herein occurs and continues to occur in the course of Defendant's business. The conduct is part of a pattern or generalized course of conduct repeated on numerous occasions daily.

71. Defendant has engaged and continues to engage in these activities knowingly, willfully and deliberately.

72. Plaintiff has been directly and proximately injured in its business and property by Defendant's conduct complained of herein, in violation of Plaintiff's rights under RCW §19.86.020.

73. Defendant's violations of RCW §19.86.020 have caused and will continue to cause Plaintiff to sustain damage, loss and injury, in an amount that cannot be fully measured or compensated in economic terms.

74. Pursuant to RCW §19.86.090, Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

75. Plaintiff has no adequate remedy at law, unless the acts of Defendant are enjoined during the pendency of this action and thereafter.

## CLAIM IV

### COMMON LAW UNFAIR COMPETITION

76. Plaintiff hereby incorporates each of the preceding paragraphs as if fully set forth herein.

77. Defendant has used and continues to use in advertising and commerce false and misleading descriptions of fact, or false and misleading representation of fact, concerning its merchandise. Defendant has further displayed, distributed, sold and used merchandise that infringes the Clarisonic System Trade Dress, thereby taking advantage of the good will and business reputation of PBL by unfair means. These activities constitute unfair competition.

78. Defendant has engaged in unfair competition willfully and with a bad faith intent to injure PBL.

79. PBL has sustained, and will continue to sustain, substantial injuries, loss and damage to its business by reason of the unfair competition of Defendant.

80. On information and belief, unless restrained and enjoined, Defendant will continue to engage in unfair competition that injures PBL and thereby causes irreparable damage to PBL, as it would be unreasonably difficult to ascertain the amount of compensation that could afford PBL adequate relief for such continuing infringement. PBL has no adequate remedy at law.

### DEMAND FOR JURY TRIAL

81. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pacific Bioscience Laboratories, Inc., prays that this Court enter judgment in favor of the Plaintiff and against the Defendant as follows:

A. Preliminarily and permanently enjoin Nutra Luxe, its employees, principals, agents, subsidiaries, related companies, affiliates and all others acting in concert with any of them from making any further false and misleading claims about its products, including without limitation the Better Product Claim, Comparative Clinical Claim, Faster Oscillation Claim, Larger Brush Head Claim and #1 Recommended Dermatologist Claim, including all substantially similar variations of any of these claims, as provided by 15 U.S.C. § 1116;

B. Direct Defendant to forthwith use its best efforts to identify and recall from any third party any and all false marketing, advertising, and promotional materials used in connection herewith;

C. Direct Defendant to issue a corrective advertisement or notice to all third parties that Defendant has solicited with false advertisements, making clear that Defendant's false statements were false;

D. Direct Defendant to file with the Court and serve on PBL's counsel, within 30 days after entry of the Court's injunction, a sworn statement as provided in 15 U.S.C. § 1116, setting forth in detail the manner in which Defendant has complied with the injunction;

E. Direct Defendant to provide an accounting of all sales and profits from its false advertisements;

1   F.   Award PBL its compensatory damages resulting from Nutra Luxe's false advertising and trade dress infringement, together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 15 U.S.C. § 1117;

G.   Award PBL Defendant's profits from its false advertising and trade dress infringement, as provided by 15 U.S.C. § 1117;

H.   Declare that Defendant's false advertising, infringement and other wrongful acts herein alleged be determined deliberate, willful, and in conscious disregard of PBL's rights pursuant to 15 U.S.C. §§ 1117 and 1125(a) and at common law;

I.   Award PBL any other remedies to which it may be entitled, including treble damages and all other remedies provided for in 15 U.S.C. § 1117 and under state statutory and common law;

J.   A declaration that this case is exceptional, and, in conjunction therewith, an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) and RCW §19.86.090;

K.   Grant such other and further relief as the court may find just, lawful or equitable.

Dated: December 13, 2010        FAEGRE & BENSON LLP

 s/ Marc Levy_____
Marc Levy (Wash. Bar No. 19203)
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203-4532 USA
Telephone:  303.607.3500
Facsimile:  303.607.3600
mlevy@faegre.com

ATTORNEYS FOR PLAINTIFF
PACIFIC BIOSCIENCE LABORATORIES, INC.